# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MAIMAN REAL ESTATE, LLC,**

               **Plaintiff,**

      **v.**                            **Case No. 16-CV-1025**

**WAUPACA COUNTY,**

               **Defendant.**

---

**WAUPACA COUNTY**

               **Plaintiff,**

      **v.**                            **Case No. 16-CV-1290**

**MAIMAN REAL ESTATE, LLC,**

               **Defendant.**

---

## DECISION AND ORDER

---

    **I.**     **Introduction**

Maiman Real Estate, LLC filed this lawsuit against Waupaca County in Waupaca County Circuit Court regarding a parcel of land Maiman Real Estate purchased to use as off-site parking for the Wheelhouse Restaurant. Because the property was in a

different zoning district than the restaurant and more than 500 feet away, Waupaca County cited Maiman Real Estate for violating the Waupaca Zoning Code. Maiman Real Estate alleges that Waupaca County has selectively enforced the zoning ordinance in violation of the Fourteenth Amendment's equal protection clause. Maiman Real Estate also seeks a judgment declaring, among other things, that its use of the subject property constitutes a lawful non-conforming use under the Zoning Code.

Separately, Waupaca County filed a lawsuit against Maiman Real Estate in Waupaca County Circuit Court seeking an order finding that the subject ordinance is valid and enjoining Maiman Real Estate from using the property as off-site parking for the restaurant. Maiman Real Estate filed counterclaims that mirrored the claims it asserted in the lawsuit it filed, including its claim under the equal protection clause of the Fourteenth Amendment.

Both lawsuits were removed to federal court and subsequently consolidated. (ECF No. 17.) Waupaca County now seeks partial summary judgment on Maiman Real Estate's equal protection claim. (ECF No. 20.) Additionally, Waupaca County separately seeks summary judgment on its injunction claim. (ECF No. 30.)

In response to Waupaca County's summary judgment motion on its injunction claim, Maiman Real Estate not only opposes the motion but asks that summary judgment be entered for it pursuant to Federal Rule of Civil Procedure 56(b). (ECF No. 31 at 2.) Rule 56(b) states, "Unless a different time is set by local rule or the court orders

otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." Here, the court *did* set a deadline for filing summary judgment motions: July 16, 2017. (ECF No. 12.) Maiman Real Estate did not file a summary judgment motion by that date. Rule 56(b) does not apply here. Because Maiman Real Estate's request for summary judgment is untimely, it is **denied**.

The briefing on Waupaca County's summary judgment motions is complete and the motions are ready for resolution. All parties have consented to the jurisdiction of this court. (ECF No. 3, 8.)

## II.    Facts

Maiman Real Estate, LLC is a Wisconsin limited liability company located in Waupaca, Wisconsin. (ECF No. 23, ¶ 8.) Its sole member is Jeff Maiman. (*Id.*) Maiman Real Estate owns property located at E1209 County Road Q in Waupaca which it leases to Wheelhouse Restaurant, Inc. (ECF No. 23, ¶ 13), of which Maiman is the sole shareholder. (ECF No. 26, ¶ 32.) Wheelhouse Restaurant, Inc., operates the Wheelhouse Restaurant on the leased property. (ECF No. 26, ¶ 33.) The Wheelhouse Restaurant is located on property zoned "Rural Commercial—Neighborhood." (ECF No. 23, ¶ 15.)

Waupaca County is a self-organized county in Wisconsin established pursuant to the Wisconsin Constitution and Chapter 59 of the Wisconsin Statutes. (ECF No. 23, ¶ 9.) Ryan Brown has been employed as Director of Waupaca County Department of Planning and Zoning since September 2012. (ECF No. 26, ¶ 28.) His responsibilities

include coordinating and assisting with land use activities at the county level, including applying and administering the county's zoning codes and ordinances. (*Id.*)

In 2013 the Wheelhouse Restaurant began leasing a vacant residential parcel of land located approximately 1,500 feet west of the restaurant. (ECF No. 33, ¶ 33.) The property was owned by Cal Lehman (the "Lehman Property") and was used by the restaurant as off-site parking for employees of the restaurant. (*Id.*) Although it is not clear from the parties' submissions, it appears that the Lehman Property was zoned "Sewered Residential." (*See* ECF No. 26, ¶ 4, referring to the Lehman Property as a vacant residential parcel of land; and ECF No. 31 at 21, stating that the Lehman Property was zoned for sewered residential use.)

In December 2014 Maiman learned that property located at E1120 Pleasant Park Lane in the city of Waupaca (the "Pleasant Park Property") was listed for sale. (ECF No. 26, ¶ 5.) The Pleasant Park Property and the Lehman Property are adjacent to each other, separated by County Road Q. (ECF No. 26, ¶ 7.) The Pleasant Park Property was approximately four acres and was improved with a single family residence and detached garage. (*Id.*) The Pleasant Park Property was zoned "Sewered Residential." (ECF No. 23, ¶ 12.)

Maiman engaged the services of a real estate broker, Ben Lyons, to contact the Waupaca County Planning and Zoning Department to determine whether a portion of the Pleasant Park Property could be used as off-site parking for employees of the

Wheelhouse Restaurant. (ECF No. 26, ¶ 6.) At the time, Section 5.0 of the Waupaca County Zoning Code established various use classifications for properties subject to the Zoning Code. (ECF No. 26, ¶ 3.) No use classification identified "off-street parking" or "off-street parking facilities" as either a permitted or conditional use in the Zoning Code. (*Id*.) Section 6.01 of the Zoning Code provided:

> Section 5.0 broadly categorizes potential land uses in Waupaca County as Permitted (P), or Conditional Use (C) within the Zoning Districts. Definitions and additional requirements for these land uses are included in Sections 6.05 through 6.10. The Planning & Zoning Director or Planning and Zoning Committee will be required in some instances to provide interpretation of these definitions in order to determine if a proposed use is allowed in the applicable district. Land uses that are not specifically listed are not necessarily excluded from locating within a given Zoning District.

Waupaca County Zoning Ordinance Chap. 34, Sec. 6.01.

Lyons met with Brown and other employees of the Waupaca County Planning Staff. (ECF No. 26, ¶ 7.) Brown advised that the use of Pleasant Park Property as off-site parking was not specifically prohibited by the Zoning Code. (ECF No. 26, ¶ 8.)

In December 2014 Maiman and a business associate met with Brown to discuss the proposed use of the Pleasant Park Property. (ECF No. 26, ¶ 9.) During the meeting Maiman described the improvements that would be necessary to create an off-site parking area. (ECF No. 26, ¶ 10.) Maiman told Brown that Maiman Real Estate would not purchase the Pleasant Park Property unless a portion of the property could be used by the Wheelhouse Restaurant for off-site parking. (*Id*.) Maiman says that Brown told

him at that meeting that the proposed use of the Pleasant Park Property would be allowed under the terms of the Waupaca County Zoning Code. (ECF No. 26, ¶ 11.) Brown says that he told Maiman only that the use of the property for off-site parking was not specifically prohibited by the Zoning Code. (*Id.*)

In reliance on Brown's statements, on January 4, 2015 Maiman Real Estate submitted an offer to purchase the Pleasant Park Property for $282,680. (ECF No. 26, ¶ 12.) On April 2, 2015, Maiman Real Estate purchased the property. (ECF No. 26, ¶ 13.) Immediately thereafter Maiman Real Estate entered into contracts to improve the property, paying contractors over $26,000 for improvements. (ECF No. 26, ¶ 14.)

By early summer 2015 the Wheelhouse Restaurant began using the Pleasant Park Property for off-site parking. (ECF No. 26, ¶ 15.)

On June 15, 2015, an employee of the Waupaca County Planning and Zoning office was contacted by a neighbor of the Pleasant Park Property, James Koeper, regarding the activity on the Pleasant Park Property. (ECF No. 26, ¶ 16.) Koeper was advised of Brown's decision that the use of the property for off-site parking was permissible. (*Id.*) On June 23, 2015, Brown sent a letter to Koeper and his wife stating:

> The parking lot in question and standalone parking lots in general are not specifically dealt with in the Comprehensive Zoning Ordinance. That does not mean, however, that they are not allowed. Section 6.01 in the zoning ordinance states, "Land uses that are not specifically listed are not necessarily excluded from locating within a given district." This gives our department the latitude necessary to apply some subjectivity where specific regulations do not exist.

> The proposed parking lot, in our opinion, does not represent a departure from future residential use nor does it conflict with the surrounding residential uses. While the proposed parking lot will be an accessory to a commercial use it could just as easily be an accessory to a residential use. The fact that this particular parking lot will be associated with a commercial use does not, in our opinion, justify a conditional permit. The parking lot will, however, not be allowed to add any permanent infrastructure that may inhibit future residential uses.

(ECF No. 24-5.)

Two days later a second letter was sent to the Koepers, this time signed by Brown and Diane Meulemans, Corporation Counsel for Waupaca County. (ECF No. 24-6.) The June 25, 2015 letter reiterated that, while parking lots "are not specifically addressed in the Comprehensive Zoning Ordinance[,]" that fact did not mean that parking lots are not allowed on property zoned residential. (*Id.*) Again referencing Section 6.01 of the Waupaca County Code of Ordinances and the latitude it provided to the zoning department to "apply some subjectivity where specific regulations do not exist[,]" the letter stated, "The proposed parking lot, in our opinion, does not represent a departure from future residential use nor does it conflict with the surrounding residential uses." (*Id.*)

On September 18, 2015, Brown sent a letter to Maiman Real Estate confirming that the commercial off-site parking planned for the Pleasant Park Property "requires no authorization via the Waupaca County Planning and Zoning Office or administrative Committee's permitting or rezone process in order to proceed." (ECF No. 26, ¶ 23; ECF No. 24-8.) It went on to state, "The Code of Ordinances, Chapter 34, does not clearly and

unambiguously prohibit your intended project to be completed on the parcel, nor does it clearly indicate a permit is necessary for the intended project." (*Id.*)

On September 24, 2015, an appeal of the September 18, 2015 letter was filed with the Waupaca County Board of Adjustment on behalf of other neighbors of the Pleasant Park Property. (ECF No. 23, ¶¶ 21-22.)

Apparently in response to that appeal, Waupaca County engaged outside counsel "to assist in the interpretation and application of the zoning ordinance." (ECF No. 22-2 at 23.) As a result of that review, on December 22, 2015, Brown sent a letter to Maiman Real Estate informing it that, "[w]hile the zoning ordinance does not outright prohibit the proposed employee parking lot, the lot cannot be permitted as a matter of right. Therefore, this latter will serve as notice that the zoning ordinance does not permit the use of the property … as a parking lot affiliated with The Wheelhouse Restaurant." (*Id.*; ECF No. 26, ¶ 19.) The letter further stated that the "Planning and Zoning Office is in the process of proposing amendments to the existing ordinance, which would make uses such as what you have proposed subject to a conditional use permit." (*Id.*)

On January 21, 2016, Maiman filed an appeal of the December 22, 2015 letter with the Board of Adjustment. (ECF No. 23, ¶¶ 24-25.) Brown did not schedule a hearing on Maiman's appeal. (ECF No. 26, ¶ 25.)

On May 17, 2016, the Waupaca County Zoning Code was amended to create Section 6.04(6). (ECF No. 26, ¶ 26.) Section 6.04(6) provides that "[o]ff-site parking that is identified as a Conditional Use (C) in a Zoning District must be located within the same zoning district as, and within 500 feet … of the property being served, and shall be governed by the provisions of Sections 6.02 and 14.05 relating to Conditional Uses." (ECF No. 26, ¶ 26.) Section 6.01 was amended to delete any mention of the Planning & Zoning Director having authority to interpret definitions and requirements for land uses to determine if a proposed use is allowed in the applicable district. (ECF No. 26, ¶ 27.) And whereas 6.01 had stated that "[l]and uses that are not specifically listed are not necessarily excluded from locating within a given Zoning District" (ECF No. 26, ¶ 18), the amended Section 6.01 now states that "[a]ny use not identified as Permitted (P) or Conditional (C) within a Zoning District is prohibited."(ECF No. 26, ¶ 27.)

Immediately thereafter, on May 23, 2016, Brown sent a letter to Maiman stating that the use of the Pleasant Park Property for off-site parking for Wheelhouse Restaurant employees was a violation of new Section 6.04(6). (ECF No. 23, ¶ 29.) Brown stated that the letter was "sent as a warning to cease and desist all actions related to the use of this property as an off-site parking lot in contravention of the County Zoning Ordinance. Failure to do so by May 28th will result in this office filing a demand for prosecution with the County Corporation Counsel and appropriate enforcement officials[.]" (*Id.*)

On June 2, 2016, Waupaca County issued an ordinance citation to Maiman Real Estate for violations of Waupaca County Zoning Ordinance, Chapter 34, Sections 5.0 and 6.04(6). (ECF No. 26, ¶ 37.) This litigation followed.

### III.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable finder of fact could accept the non-moving party's position and return a verdict in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment the court is to "construe all evidence and draw all reasonable inferences from that evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008)); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001). The "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). "To survive summary judgment, the non-movant must produce sufficient admissible evidence, taken in the light most favorable to it, to return a jury verdict in its favor." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012) (quoting *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 690-91 (7th Cir. 2010)).

## IV.  Analysis

### A.  Real party in interest

Rule 17(a) of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." Waupaca County argues that Maiman Real Estate is not the real party in interest in the lawsuit it commenced for two reasons. First, when it leased the Pleasant Park Property to Wheelhouse, Inc. to be used for off-site parking, it "relinquished its substantive right to any claim involving the Pleasant Park Property for off-site parking." (ECF No. 20 at 11.) Second, on August 9, 2016 Maiman on behalf of Maiman Real Estate executed a quitclaim deed to transfer the Pleasant Park Property to Pleasant Park, LLC. (ECF No. 20 at 11; ECF No. 26, ¶ 31 at 24.) When it did so, "it relinquished its substantive right to any claim involving the Pleasant Park Property[.]" (*Id.*)

Maiman Real Estate responds by pointing out that Waupaca County asserts no authority for the proposition that the owner of a piece of land "relinquishes" its right to pursue causes of action related to that land when it leases the land to someone else. (ECF No. 25 at 30-31.) As to Waupaca County's second argument, Maiman Real Estate says that it owned the property at the time the citation was issued and when it filed this lawsuit, and it did not transfer its causes of action in this litigation to Pleasant Park, LLC. (*Id.* at 31.)  It argues that under Rule 25(c) of the Federal Rules of Civil Procedure the action may be continued by the original party. (*Id.*)

To have standing a plaintiff must allege an actual case or controversy within the meaning of Article III. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). This requires demonstrating that plaintiff has suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Spokeo, Inc. v. Robins*, __ U.S. __, ___, 136 S. Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). The injury in fact must be fairly traceable to the challenged conduct of the defendant and likely to be redressed by a favorable judicial decision. *Id*. at 1547. The plaintiff must assert his own legal right, as opposed to legal rights of a third party. *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). "A person who has been adversely affected by discrimination has suffered injury-in-fact; the differential treatment is the cause of his injury; and that injury can be redressed either by damages or injunctive relief." *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 908 (7th Cir. 2012).

To determine standing as the real party in interest the court looks to applicable state substantive law. *American Nat. Bank and Trust Co. of Chicago v. Weyerhaeuser Co.*, 692 F.2d 455, 459 (7th Cir. 1982). The traditional real party in interest test focuses on the source and "ownership" of the legal right asserted. *Apter v. Richardson*, 510 F.2d 351, 353 (7th Cir. 2000). If a party is found to have standing to raise a constitutional issue, no "party in interest" objections are valid. *Id*.

Maiman Real Estate purchased the Pleasant Park Property for nearly $300,000 specifically so it could use the property for off-site parking for Wheelhouse Restaurant

employees. It then invested another $26,000 to improve the property so it could be used for such parking. Maiman Real Estate was the subject of the citation. It filed this lawsuit before it quit claimed the property to Pleasant Park, LLC, and did not transfer the causes of action asserted in this lawsuit to that entity. Even though it subsequently quit claimed its interest in the property to Pleasant Park, LLC, it plausibly suffered injuries during its ownership such that under Rule 25(c) it may continue to prosecute this action.

Indeed, in the lawsuit it filed seeking injunctive relief for violating the ordinance, the party sued by Waupaca County was Maiman Real Estate, not the entity to which Maiman Real Estate leased the property (Wheelhouse Restaurant, Inc.) or the entity to which it later quit claimed the property (Pleasant Park, LLC). Thus, as pointed out below, Waupaca County's argument that Maiman Real Estate is not the real party in interest conflicts with its effort to seek injunctive relief against that entity. Having said that, to the extent Maiman Real Estate's complaint seeks prospective relief or damages for events occurring after its transfer of the property, such relief might be properly awarded only to Pleasant Park, LLC, in which case an amended complaint would be necessary to add Pleasant Park, LLC as a plaintiff.

## B. Vested Rights

Waupaca County has not sought summary judgment on the first cause of action in Maiman Real Estate's complaint. In that cause of action Maiman Real Estate alleges

that it possesses a vested right to use the Pleasant Park Property as a parking lot based on the representations made by Director Brown and Corporation Counsel, in addition to the substantial investment made in the property and the financial loss it will suffer if precluded from using the property in the manner discussed prior to the investment. (ECF No. 1-1 at 10-12.) It seeks a judgment declaring, among other things, that the use of the Pleasant Park Property for off-site parking for employees of the Wheelhouse Restaurant constitutes a legal non-conforming use. (ECF No. 1-1, ¶ 31(2).)

In its brief in support of its motion for partial summary judgment on Maiman Real Estate's equal protection claim, Waupaca County argues that Maiman Real Estate cannot establish a vested right in the use of the Pleasant Park Property. But the vested rights analysis is  relevant to the declaratory judgment claim, framed in the complaint under state law, not the equal protection claim that is the subject of Waupaca County's summary judgment motion.

Because Waupaca County seeks summary judgment only on the equal protection claim, its argument on vested rights is misplaced. The court need not determine as part of the summary judgment motions whether Maiman Real Estate has a vested right to use the Pleasant Park Property. And in any event, as discussed below with respect Waupaca's motion for summary judgment regarding its claim for injunctive relief, genuine disputes of material fact preclude summary judgment.

## C. Equal Protection

At or around the time Section 6.04(6) became effective Brown created a list of six properties, including the Wheelhouse Restaurant, using off-site parking that did not conform with the provisions of the newly-adopted Section 6.04(6) (that is, the property used for off-site parking was in a different zoning district than, and more than 500 feet from, the property it was serving). As to four of the properties, Brown testified at his deposition that they were not issued citations because they had used off-site parking for more than ten years and, as such, any violation of Section 6.04(6) was outside the statute of limitations for prosecution for an ordinance violation. As to the fifth property, a camp owned by the Boys & Girls Brigade Association Inc., no citation was issued because the camp is on an island and off-site parking is (apparently necessarily) located on the mainland. (ECF No. 23, ¶¶ 43-44.)

In its complaint Maiman Real Estate alleges that Waupaca County's issuance of a cease and desist order, followed by a citation, to it but not to these other businesses constitutes selective enforcement of the Waupaca County Zoning Code. (ECF No. 1-1, ¶¶ 34-35.) Such selective enforcement deprives Maiman Real Estate of equal protection of the law as guaranteed under the 14th Amendment of the United States Constitution. (*Id.*, ¶ 36.)

In moving for summary judgment on the equal protection claim, Waupaca County argues that there is no evidence that it "intentionally, systematically, and

arbitrarily discriminated" against Maiman Real Estate. (ECF No. 20 at 20.) It states that "[t]he circumstances involved in the use of the Pleasant Park Property by the Wheelhouse restaurant as off-site parking are not identical in all relevant respects to the circumstances involved in the use of properties as off-site parking by other businesses located in Waupaca." (*Id*. at 24.) Maiman Real Estate cannot show that it has been treated differently than other similarly situated businesses because there are no similarly situated businesses. (*Id*.)

In response Maiman Real Estate contends that the circumstances surrounding the amendment of the Zoning Code and its application to the property used by the Wheelhouse Restaurant as off-site parking establish that it was intentionally and arbitrarily treated differently than other property owners. Among other things it points to the fact that the Lehman Property as recently as May 29, 2016, was used for parking by a business located adjacent to the Wheelhouse Restaurant. (ECF No. 26, ¶ 37.) And while it may be true that the children's camp is on an island, that fact without more does not justify treating it differently from the Wheelhouse Restaurant. (ECF No. 25 at 28.) As to the other four properties, each day the property is used as a parking lot it counts as a separate violation of the zoning ordinance. (ECF No. 25 at 29.) Thus, the statute of limitations would bar only those violations that are beyond the limitations period.

The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or that irrationally targets an individual for discriminatory treatment as a so-called "class of one." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). A plaintiff must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) no rational basis exists for the difference in treatment. *Id.* (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). "The persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Id.*

"The classic class-of-one claim is illustrated when a public official, 'with no conceivable basis for his action other than spite or some other improper motive …, comes down hard on a hapless private citizen.'" *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)). Courts look to the treatment of similarly situated individuals, particularly what was done in the investigation or prosecution of others in similar circumstances. *Swanson,* 719 F.3d at 784 (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 748 (7th Cir. 2012)). Generally, whether individuals are similarly situated is a fact question reserved for the jury. *McDonald v. Vill. of. Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). However, summary judgment may be granted when it is clear that no reasonable jury could find the similarly situated requirement has been met. *McDonald,* 371 F.3d at 1002.

To begin with, in its summary judgment brief Waupaca County states that it "did not issue citations to Clear Water Harbor Bar & Grill, Bear Lake Campground, the Iola Car Show, and the Symco Threshery for violations of Section 6.04(6) because those businesses had utilized off-site parking located more than 500 feet from the property being served for more than ten years prior to the amendment of the Waupaca County Zoning Ordinance." (ECF No. 20 at 22.) However, it did not include this statement in a proposed finding of fact. As a result, that fact is not properly before the court on Waupaca County's summary judgment motion. See Civ. L.R. 56 (b)(1)(C).

But even if the court were to consider this factual assertion, a reasonable finder of fact could conclude that Maiman Real Estate is similarly situated to one or more properties that Brown identified as also not conforming with the provisions of the newly-adopted Section 6.04(6). Genuine issues of material fact also exist as to whether a rational basis exists for Waupaca County treating the other properties differently than it treated Maiman Real Estate—that is, citing Maiman Real Estate for violating Section 6.04(6) but not citing the other non-conforming property owners.

For example, it appears that the Lehman Property is similarly situated to the subject property, and Waupaca County concedes that as recently as May 2016 it was used for overflow parking for an entertainment business located adjacent to the Wheelhouse Restaurant. (ECF No. 26, ¶ 37.) Yet it does not appear that any citation was issued to the owner of that property, and no explanation is given for why that is so.

Then there are the four properties that Waupaca County asserts were not cited because their use began beyond the statute of limitations. It contends that the statute of limitations is 10 years because "[n]o other statute of limitation applies to the prosecution of a county ordinance violation." (ECF No. 20 at 23.) That appears to be incorrect. A separate statute states that the statute of limitations for a county ordinance violation is two years. Wis. Stat. § 893.93(2)(b). But, more importantly, Waupaca County has not demonstrated that any statute of limitations bars enforcement action when the ordinance violation is ongoing. *See City of Madison v. Crossfield*, 2003 WI App 225, ¶23, 267 Wis. 2d 961, 671 N.W.2d 717 (unpublished) ("The statute of limitation for prosecution of a municipal ordinance violation is two years. Wis. Stat. § 893.93(2)(b). The statute does not run from the first day of a continuing violation, however, but from the day such a violation ceases."); *see also City of Milwaukee v. Leavitt*, 31 Wis.2d 72, 142 N.W.2d 169 (1966) (refusing to apply estoppel against the City enforcing its zoning ordinance against nearly two decades of nonconforming use). Notably, Waupaca County alleges in its complaint that each day the violation continues is a separate offense. (Case No. 16cv1290, ECF No. 1-1, ¶¶ 12, 42.) If Waupaca County was not actually precluded from prosecuting the other properties for their non-compliance with the ordinance, the finder of fact could conclude that its stated reason for citing Maiman Real Estate but not these other property owners was pretextual.

Thus, the court will **deny** Waupaca County's motion for summary judgment on Maiman Real Estate's equal protection claim.

### D. Injunctive Relief

Waupaca County separately seeks partial summary judgment in the lawsuit it brought seeking a permanent injunction against Maiman Real Estate, enjoining it from using the Pleasant Park Property as off-site parking for the Wheelhouse Restaurant. It states that Maiman Real Estate's use of the property for off-site parking violates Section 6.04(6) of the Waupaca County Zoning Ordinance, admittedly enacted after Maiman Real Estate purchased the property for the purpose of using it for off-site parking for the restaurant. It argues that there are no compelling equitable reasons for denying its request for a permanent injunction.

In response, Maiman Real Estate argues that the use of the Pleasant Park Property for off-site parking constitutes a legal nonconforming use. Specifically, it contends that its use of the Pleasant Park Property for off-site parking was lawful because it was authorized and approved by Brown in accordance with the authority granted him by the then-current version of Section 6.01 of the Zoning Code. And the use of the property for off-site parking was active and actual for nearly a year prior to the amendment of the Zoning Code. As a legal nonconforming use, Wis. Stat. § 59.69(10)(am) protects the continued use of the property for off-site parking.

For starters, Waupaca County's argument that it is entitled to injunctive relief against Maiman Real Estate conflicts with its argument that Maiman Real Estate is not the real party in interest. If Maiman Real Estate is not the real party in interest either because it has leased the property to Wheelhouse Restaurant, Inc. or because it has quit claimed its interest in the property to Pleasant Park, LLC, a permanent injunction against Maiman Real Estate would be meaningless (if it could be entered at all). Despite its "real party in interest argument," Waupaca County did not sue Wheelhouse Restaurant, Inc. or Pleasant Park, LLC; it sued Maiman Real Estate. And it is Maiman Real Estate that Waupaca County's complaint alleges is continuing to violate the Waupaca County Zoning Ordinances by using the subject property for off-site parking. (Case No. 16cv1290, ECF No. 1-1, ¶ 31.)

As noted above, the court rejects the argument that Maiman Real Estate lacks the ability to pursue this action, at least as it relates to what occurred while it owned the property. But when it comes to prospective relief, such as a permanent injunction regarding the future use of the property, it seems that the current owner of the property, Pleasant Park, LLC, would be the proper defendant. The court acknowledges that under Fed. R. Civ. P. 65(d)(2)(C) "other persons who are in active concert or participation with" a party might also be bound by the injunction. Given the relationship between Maiman Real Estate and Pleasant Park, LLC, the latter might plausibly be bound by a permanent injunction issued against Maiman Real Estate. But it

seems illogical to enjoin a party with respect to a property in which it no longer has an ownership interest.

Passing that not insignificant issue, Waupaca County has not demonstrated that it is entitled to an injunction at this stage of the lawsuit against Maiman Real Estate or non-party Pleasant Park, LLC. Waupaca County has not demonstrated that the use of the property as a parking lot was unlawful prior to the passage of the Section 6.04(6). If Maiman Real Estate's use of the property as a parking lot was lawful prior to the passage of the ordinance, and it acquired a vested interest in this use, then its continued use was lawful as a legal nonconforming use under Wis. Stat. § 59.69(10)(am), *see Town of Cross Plains v. Kitt's "Field of Dreams" Korner, Inc.*, 2009 WI App 142, ¶1, 321 Wis. 2d 671, 775 N.W.2d 283, and Waupaca County would not be entitled to an injunction enjoining its future use. A genuine dispute of material fact exists as to whether Maiman Real Estate acquired a vested interest to use the property as a parking lot prior to the passage of Section 6.04(6).

**IT IS THEREFORE ORDERED** that Waupaca County's Motion for Partial Summary Judgment on the Equal Protection Claim of Maiman Real Estate is **denied.**

**IT IS FURTHER ORDERED** that Waupaca County's Motion for Partial Summary Judgment for Permanent Injunction is **denied**.

**IT IS FURTHER ORDERED** that Maiman Real Estate's Request for Partial Summary Judgment to the Non-movant Party is **denied.** The court's deputy clerk shall set a telephonic scheduling conference to discuss further scheduling in this matter.

Dated at Milwaukee, Wisconsin this 19th day of October, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge